IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LAKISHA MARIE WATKINS,

      Petitioner,

      v.

WARDEN, DAYTON
CORRECTIONAL INSTITUTION,

      Respondent.

CASE NO. 2:16-cv-501
JUDGE JAMES L. GRAHAM
MAGISTRATE JUDGE KEMP

<u>REPORT AND RECOMMENDATION</u>

Petitioner, a state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  This matter is before the Court on its own motion pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.   For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the habeas corpus petition be **DENIED** and that this case be **DISMISSED.**

## I.  Background

According to the Petition, Petitioner challenges her 2014  conviction in the Franklin County, Ohio Court of Common Pleas on multiple felony counts following her entry of a guilty plea.  The charges arose out of an October 16, 2013 armed robbery of a Family Dollar store on South James Road in Columbus.  The exhibits attached to the petition, and the Court's independent review of the on-line records of the Franklin County Court of Common Pleas, show that Petitioner was sentenced on July 17, 2014, to an aggregate term of 13-and-one-half years of incarceration.  She did not timely appeal.

Her trial attorney (who had been retained) moved to have counsel appointed for her in order for her to appeal, but the trial court denied that motion on August 28, 2014, finding that she was not entitled to have counsel appointed for her in order to take an appeal.  The order did not explain why that was so.

On January 14, 2015, Petitioner filed a motion for leave to appeal with the Court of Appeals for the Tenth Appellate District.  That motion was denied on August 11, 2015, in an order which stated that Petitioner had presented no reasons for not timely appealing.   It does not appear that Petitioner appealed that order.

While her first motion for leave to appeal was pending, Petitioner filed, on July 24, 2015, a second motion for leave to take a delayed appeal.  That motion was denied in an entry dated August 31, 2015. The court's memorandum decision, filed on August 25, 2015, stated that Petitioner asserted that her counsel did not inform her of her right to appeal; however, the court held that her allegation contradicted one that she made in her first motion, where she claimed that she had asked counsel to appeal but he failed to do so.  The court also stated that she did not explain why she waited so long (six months) to file her first motion for leave to appeal.  *State v. Watkins*, No. 15AP-703 (Franklin Co. App. August 25, 2015). The Ohio Supreme Court declined to consider her appeal of that order.  *State v. Watkins*, 144 Ohio St. 3d 1410 (Dec. 2, 2015).

Lastly, on July 23, 2015, Petitioner filed a motion for leave to withdraw her guilty plea.  In that motion, filed in the trial court in Case No. 13CR-5642, she asserted that her counsel was ineffective and that her plea was not knowing, voluntary, or intelligent.  In an order filed in that case on October 9, 2015, the trial court denied the motion.  No

appeal was taken from that order.  It does not appear that Petitioner ever filed a post-conviction petition under R.C. §2953.21.

Petitioner's federal habeas corpus petition was filed on June 16, 2016.  In it, she raises these claims for relief, stated exactly as they appear in the petition:

> **Ground one:** Ineffective counsel.  Ineffective counsel, forced to take a plea deal I was offered, didn't do a psych evaluation, didn't take the time to bargain with the prosecutor, he made me feel intimidated, my constitutional rights were violated.

> **Ground two:** Over indicted.  It was one store with four individual, I was sentenced the same as my con-defendants even though the video clearly showed I was not the one with the weapon or had physical contact with the victims.

## II.  Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. §2244(d) provides:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Applying the language of §2244(d)(1)(A), Petitioner's conviction became final on August 5, 2014, thirty days after Petitioner's entry of sentence, when the time period expired to file a timely appeal. See *Worthy v. Warden*, No. 2:12-cv-652, 2013 WL 4458798, at *2 (S.D. Ohio Aug. 19, 2013)(citing *Searcy v. Carter*, 246 F.3d 515, 518–19 (6th Cir. 2001); *Marcum v. Lazarof*, 301 F.3d 480, 481 (6th Cir. 2002); Ohio App.R. 4(A)); *see also Coffey v. Warden, Warren Correctional Institution*, No. 1:06CV717, 2007 WL 951619, at *3-4 (S.D. Ohio March 28, 2007)(the filing of a motion to withdraw guilty plea tolls, but does not re-start, the running of the statute of limitations)(citations omitted). The statute of limitations began to run on the following day, and ran for a period of 162 days, until January 14, 2015, when Petitioner filed a motion for a delayed appeal. Assuming, that such action tolled the running of the statute of limitations, *see Board v. Bradshaw*, 805 F.3d 769 (6th Cir. 2015)(motion for leave to file a delayed appeal under Ohio Appellate Rule 5(A) tolls the running of the statute of limitations), and further, that the running of the statute of limitations was tolled until November 8, 2015, thirty days after the trial court's October 9, 2015, decision, when the time period expired to file a timely appeal,

this action remains untimely. *See Martin v. Wilson*, 110 Fed.Appx. 488, 490, unpublished, 2004 WL 1801342, at *1 (6th Cir. Aug. 11, 2004)(post conviction petition remains pending during time period within which the petitioner could have filed a timely appeal)(citing *Carey v. Saffold*, 536 U.S. 214, 219-20 2002)). Under such scenario, the statute of limitations began to run again on the following day, and expired 203 days later, on May 29, 2016. Petitioner waited until June 2, 2016, to execute this habeas corpus petition. Further, the record fails to reflect that equitable tolling of the statute of limitations is appropriate. *See Holland v. Florida*, 560 U.S. 631, 650 (2010)(A petitioner is entitled to equitable tolling only if he shows "1) that he has been pursuing his rights diligently, and 2) that some extraordinary circumstances stood in his way" and prevented timely filing)(citing *Pace*, 544 U.S. at 418). Therefore, this action is barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

Even if it were not, the record reflects that Petitioner's claims are procedurally defaulted.

### III. Procedural Default

Congress has provided that state prisoners who are in custody in violation of the Constitution or laws or treaties of the United States may apply to the federal courts for a writ of habeas corpus. 28 U.S.C. §2254(a). In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to the state courts for consideration. 28 U.S.C. §2254(b), (c). If she fails to do so, but still has an

avenue open to her by which she may present her claims, then her petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless*, 459 U.S. 4, 6, 103 (1982)(*per curiam*) (citing *Picard v. Connor*, 404 U.S. 270, 275–78 (1971)). Where a petitioner has failed to exhaust her claims but would find those claims barred if later presented to the state courts, "there is a procedural default for purposes of federal habeas...." *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991).

The term "procedural default" has come to describe the situation where a person convicted of a crime in a state court fails (for whatever reason) to present a particular claim to the highest court of the State so that the State has a fair chance to correct any errors made in the course of the trial or the appeal before a federal court intervenes in the state criminal process.  This "requires the petitioner to present 'the same claim under the same theory' to the state courts before raising it on federal habeas review." *Hicks v. Straub*, 377 F.3d 538, 552–53 (6th Cir. 2004) (quoting *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987)). One of the aspects of "fairly presenting" a claim to the state courts is that a habeas petitioner must do so in a way that gives the state courts a fair opportunity to rule on the federal law claims being asserted. That means that if the claims are not presented to the state courts in the way in which state law requires, and the state courts therefore do not decide the claims on their merits, neither may a federal court do so. In the words used by the Supreme Court in *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), "contentions of federal law which were not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure" also cannot be resolved on their merits in a federal habeas case-that is, they

are "procedurally defaulted."

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is waived by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id*. Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a state procedural rule was not complied with, and that the rule was an adequate and independent state ground, then the petitioner must demonstrate that there was cause for her not to follow the procedural rule, and that she was actually prejudiced by the alleged constitutional error. *Id.* This "cause and prejudice" analysis applies to failures to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985). Turning to the fourth part of the *Maupin* analysis, in order to establish cause, petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Finally, a petitioner who makes a sufficiently-supported claim of actual innocence may be able to avoid a procedural default. *See Schlup v. Delo*, 513 U.S. 298 (1995).

In Ohio, a claim that counsel's ineffectiveness caused a defendant's guilty plea to be entered unknowingly or involuntarily is properly raised in a post-conviction petition

filed under R.C. §2953.21.  As the court explained in *State v. Saylor,* 125 Ohio App.3d

636, 640 (Butler Co. App. 1998),

> errors alleged [by a defendant] in his petition for postconviction relief
> [which] concern matters which could have been raised on direct appeal ...
> may not be considered in a postconviction relief proceeding. *State v. Perry*
> (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104. An exception to
> this general rule exists, however, when a defendant raises a claim of
> ineffective assistance of counsel. *State v. Cole* (1982), 2 Ohio St.3d 112, 113,
> 2 OBR 661, 662-663, 443 N.E.2d 169, 170-171. However, a guilty plea
> waives the right to claim that one was prejudiced by constitutionally
> ineffective assistance of counsel except to the extent that such ineffective
> assistance made the plea less than knowing and voluntary. *State v. Barnett*
> (1991), 73 Ohio App.3d 244, 248, 596 N.E.2d 1101, 1103-1104.

There is a time limit for filing petitions for post-conviction relief under §2953.21.  That

statute says, in subsection (c)(2), that

> Except as otherwise provided in section 2953.23 of the Revised Code, a
> petition under division (A)(1) of this section shall be filed no later than
> three hundred sixty-five days after the date on which the trial transcript is
> filed in the court of appeals in the direct appeal of the judgment of
> conviction or adjudication or, if the direct appeal involves a sentence of
> death, the date on which the trial transcript is filed in the supreme court. If
> no appeal is taken, except as otherwise provided in section 2953.23 of the
> Revised Code, the petition shall be filed no later than three hundred
> sixty-five days after the expiration of the time for filing the appeal.

Petitioner never perfected a timely appeal, and there was no transcript filed in

the state court of appeals, so the 365-day period prescribed in §2953.21(c)(2) began to

run on the expiration of the time for filing a timely appeal.  Under Ohio Appellate Rule

4(A), an appeal must be taken within thirty days of the entry of judgment.  Here, that

date was July 17, 2014, when Petitioner was sentenced.  Thirty days after that date is

August 16, 2014.  Petitioner had until August 16, 2015 to file a post-conviction petition;

she did not. There is nothing in the record showing that she could meet the exceptions to this time limit which are set out in R.C. §2953.23 - that is, there is no evidence which would suggest that she was unavoidably prevented from learning the facts upon which such a petition would rely, and she is not relying on a newly-recognized constitutional right to support her claim. Since any state post-conviction petition which Petitioner might now file would be time-barred, she has procedurally defaulted the right to raise her claims in that way. The state courts regularly enforce this time-bar. *See, e.g., Gibson v. Wolfe*, 2006 WL 1028168, *8 (S.D. Ohio Apr. 17, 2006)(citing cases where Ohio courts have held that they lack jurisdiction to hear an untimely post-conviction petition), *adopted and affirmed* 2006 WL 1321023 (S.D. Ohio May 15, 2006). Consequently, Petitioner's ineffective assistance of counsel claims are procedurally defaulted for purposes of federal habeas corpus relief. The same result would apply to Petitioner's claim of a sentencing disparity; that claim would ordinarily rely on evidence outside the record, which means that it had to be raised in a post-conviction proceeding and not on direct appeal. Further, there is no indication that Petitioner actually raised this claim on direct appeal, so it does not appear that she presented it to any Ohio court.

Petitioner did make arguments about ineffective assistance of counsel in her motion to set aside her guilty plea. Assuming that she properly presented them to the state court in this fashion, she did not appeal the order denying that motion. The failure to take an appeal, which means she did not present those claims to either the Tenth District Court of Appeals or the Ohio Supreme Court, is a separate procedural default. *See Lott v. Coyle*, 261 F.3d 594 (6th Cir. 2001)(holding that failure to raise a claim on

appeal is a procedural default).

The record, as it stands, provides nothing which would justify Petitioner's failure to file a post-conviction petition within the time allowed under Ohio law or her failure to appeal the trial court's denial of her motion to set aside her guilty plea. Further, she makes no claim of actual innocence, and her guilty plea is inconsistent with any such claim. For these reasons, it will be recommended that the Court also find that all of her claims have been procedurally defaulted, and that this action be dismissed.

## IV. Recommendation

For the reasons set forth above**,** the Magistrate Judge **RECOMMENDS** that the petition for a writ of habeas corpus be **DENIED** and that this case be **DISMISSED.**

## V. Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the

*Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

   The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.


                                             /s/ Terence P. Kemp
                                             United States Magistrate Judge