## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**LAKISHA MARIE WATKINS,**

     **Petitioner,**

     **v.**

**WARDEN, DAYTON**
**CORRECTIONAL INSTITUTION,**

     **Respondent.**

                **CASE NO. 2:16-CV-00501**
                **JUDGE JAMES L. GRAHAM**
                **MAGISTRATE JUDGE KEMP**

### OPINION AND ORDER

On July 15, 2016, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied and that this action be dismissed.  (ECF No. 3.)  The Magistrate Judge denied Petitioner's *Motion to Appoint Counsel.*  (ECF No. 6.)  Petitioner has filed *Objections* to the Magistrate Judge's *Report and Recommendation* and denial of her *Motion to Appoint Counsel.* (ECF Nos. 7, 8.)  Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection(s)* (ECF Nos. 7, 8) are **OVERRULED**.  The *Report and Recommendation* (ECF No. 3) is **ADOPTED** and **AFFIRMED.**  The *Petition* is **DENIED**.  This action is hereby **DISMISSED**.  Petitioner's *Motion to Appoint Counsel* (ECF No. 5) is **DENIED**.

Petitioner challenges her convictions in the Franklin County Court of Common Pleas on charges of aggravated robbery, robbery, kidnapping, and having a weapon while under disability. On July 17, 2014, the trial court imposed an aggregate term of 13-and-one-half years incarceration.  Petitioner did not timely appeal.  The state appellate court denied her motions for

delayed appeal.  On October 9, 2015, the trial court also denied Petitioner's motion for leave to withdraw her guilty plea.  Petitioner did not file an appeal or pursue post-conviction relief.  The Magistrate Judge recommended dismissal of this action as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d), and alternatively, as procedurally defaulted.

Petitioner objects to the Magistrate Judge's recommendation of dismissal.  Petitioner argues that the Court abused its discretion by *sua sponte* raising the issue of procedural default and the statute of limitations.  Petitioner further argues that equitable tolling of the statute of limitations is appropriate, because she was prevented from timely filing this action due to inadequate library facilities at the prison's law library.  Petitioner complains that the prison's library books are old and outdated, space is limited, and inmates must pay for their own typing ribbons, correction tape and paper.  The library has only recently obtained a legal word processor and most of the typewriters are old and broken.  According to Petitioner, prisoners do not have access to a copy machine, and prison officials fail to provide inmates with legal assistance.  Until the filing of an action under 42 U.S.C. § 1983, Petitioner states that prison officials prohibited other inmates from providing prisoners with legal assistance.  (ECF No. 7, PageID# 56-57.) Petitioner maintains that she has acted diligently in pursuing relief, but has been unavoidably prevented from timely filing due to her low literacy levels and learning disabilities combined with inadequate resources at the prison's law library.  Petitioner states that she could not file a timely appeal, because she was going through the prisoner admissions process at the Ohio Reformatory for Women, with limited access to the law library, and thereafter transferred to the Dayton Correctional Institution.  (PageID# 59.)  Upon her arrival at the Dayton Correctional Institution, she was placed in the "Limited Privilege Housing Unite (LPHU) as a level 3 inmate" with limited access to the prison's law library.  She had difficulty obtaining legal assistance from

2

other inmates.  Petitioner raises these same arguments as cause for any procedural default.  She generally asserts, as cause for her procedural default, her status as a *pro se* incarcerated prisoner without legal assistance.  Petitioner also asserts that she is actually innocent of the charges against her.  In support of this claim, Petitioner states that a video will show that she had no weapon and no physical contact with the victim.  She claims the denial of the effective assistance of counsel based on her attorney's failure to obtain a psychological evaluation, investigate the case, discover exculpatory evidence, or conduct good faith negotiations with the prosecution, and because, she alleges, her attorney intimidated her and forced her to enter a guilty plea.

> It is well established that a habeas corpus proceeding is civil in nature, and the Sixth Amendment right to counsel afforded for criminal proceedings does not apply. *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *Barker v. Ohio*, 330 F.2d 594 (6th Cir. 1964).  The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. 18 U.S.C. § 3006A(g); *Mira v. Marshall*, 806 F.2d 636 (6th Cir.1986). Appointment of counsel in a habeas proceeding has been found to be mandatory only if the district court determines that an evidentiary hearing is required. Rule 8(c), Rules Governing § 2254 Cases. Where no evidentiary hearing is necessary, as in the instant case, the district court will often consider (1) the legal complexity of the case, (2) factual complexity of the case, and (3) petitioner's ability to investigate and present his claims, along with any other relevant factors.  *Hoggard v. Purkett*, 29 F.3d 469 (8th Cir.1994)).

*Gammalo v. Eberlin*, No. 1:05CV617, 2006 WL 1805898 (N.D.Ohio June 29, 2006).

This Court is not persuaded that the interests of justice and due process require the appointment of counsel in this case. An evidentiary hearing will not be required to resolve petitioner's claims, which are plainly procedurally defaulted.  Further, Petitioner has already effectively argued her position, and resolution of this action is not unduly complex.

.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court is required to conduct a preliminary review of the petition in order to determine whether it plainly appears that the petitioner is not entitled to relief.  *See also* 28 U.S.C. § 2243 (indicating that "[a] court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.")  Such are the circumstances here.  Nothing prevents the Court from recommending dismissal of a habeas corpus petition under Rule 4 on the basis of a petitioner's procedural default, or as barred by the one-year statute of limitations.  Further, a District Court is permitted, but not obligated, to *sua sponte* address the timeliness of a federal habeas corpus petition.  *Day v. McDonough*, 547 U.S. 198 (2006).  Likewise, although federal courts are not required to raise procedural default sua sponte, neither are they precluded from doing so.  *See Sheppard v. Bagley*, 604 F.Supp.2d 1003, 1013 (S.D. Ohio 2009)(citations omitted).  Petitioner has been provided with the opportunity to respond to the procedural default via her objections.

Even assuming, *arguendo*, that this action is timely, the record nonetheless reflects that Petitioner has procedurally defaulted her claims for relief.  She never presented them to the state courts in a petition for post-conviction relief.  Any attempt to do so now would most certainly be time-barred.  *See* O.R.C. § 2953.23.  Further, although she raised arguments regarding the denial of the effective assistance of counsel in her motion to set aside her guilty plea, she did not appeal the trial court's order denying that motion.  Petitioner has failed to establish cause and prejudice for her procedural default.

"[P]etitioner has the burden of showing cause and prejudice to overcome a procedural default." *Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001)(citing *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999)(internal citation omitted).

> " 'Cause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him [;] ... some objective factor external to the defense [that] impeded ... efforts to comply with the State's procedural rule."

*Maples v. Stegall,* 340 F.3d 433, 438 (6th Cir. 2003) (quoting *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)).

A prisoner's constitutional right of access to the courts "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977).  Prison authorities need not provide both.  Petitioner appears to indicate that she was denied access to or had difficulty obtaining assistance from a prison law clerk and had limited access to the prison's law library, but she does not allege that prison officials denied her access to the prison's law library.  Petitioner indicates that she had the assistance from another prison inmate in the preparation of her *Objections*.  (ECF No. 7, PageID# 49; ECF No. 8, PageID# 72.) The record therefore does not support Petitioner's contention that her procedural default was caused by the denial of her constitutional right of access to the courts.

Further,

> "It is not enough to say that the ... facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate." [*Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ]; *see also Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (noting, in an access-to-courts context, that "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal

> assistance program is subpar in some theoretical sense ... [but] must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim"); *Jones v. Armstrong*, 367 Fed.Appx. 256, 258 (2d Cir.2010) (noting that the burden is on an inmate seeking to establish cause for procedural default to show that the inadequacy of the prison's legal resources "made it impossible for him to access the courts to raise his claims").

*Doliboa v. Warden U.S. Penitentiary Terre Haute, Indiana*, 503 Fed. Appx. 358, unpublished, 2012 WL 5327501, at *2 (6th Cir. Oct.29, 2012).  Petitioner has failed to meet this burden here. Nothing in the record supports Petitioner's allegation that the prison's law library was inadequate or that she has been unable to pursue post-conviction relief or file a timely appeal for this reason. Courts have held repeatedly that a petitioner's *pro se* incarcerated status, limited access to the prison law library, or ignorance of the law and state procedural requirements do not constitute cause sufficient to excuse a procedural default.  *See, e.g., Bonilla*, 370 F.3d at 498 (citing *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995)); *Crosby v. Warden, London Correctional Facility*, No. 1:12–cv–523, 2013 WL 5963136, at *5 n. 2 (S.D.Ohio Nov.7, 2013).

The record likewise fails to reflect that Petitioner has established her actual innocence so as to obtain a merits review of her otherwise procedurally defaulted claims.  The United States Court of Appeals for the Sixth Circuit has described the requirements for establishing actual innocence in habeas corpus proceedings as follows:

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316, 115 S.Ct. 851, 130 L.Ed.2d 808. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. To establish actual innocence, "a petitioner must show that it is more likely than not

> that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id*. at 321, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808.

*Souter v. Jones*, 395 F.3d 577, 589–90 (6th Cir. 2005) (footnote omitted). Habeas corpus petitioners rarely can meet the high bar set to establish that they are actually innocent of the charges against them, and the record fails to reflect that Petitioner has done so here.

Therefore, Petitioner's *Objections* (ECF Nos. 7,8) are **OVERRULED**.

Petitioner also requests a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, — U.S. —. —, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1)(requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.) The petitioner must establish the substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " *Slack*, 529 U.S. at 484 (quoting *Barefoot,* 463 U.S., at 893 n. 4).

Where the Court dismisses a claim on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. at 484. Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id*. at 485. The Court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id*.

The Court is not persuaded that reasonable jurists would debate whether the Court correctly dismissed Petitioner's claims as procedurally defaulted.

Therefore, Petitioner's *Objections* (ECF Nos. 7, 8) are **OVERRULED**.  The *Report and Recommendation* (ECF No. 3) is **ADOPTED** and **AFFIRMED.**  The *Petition* is **DENIED**.  This action is hereby **DISMISSED**.  Petitioner's *Motion to Appoint Counsel* (ECF No. 5) is **DENIED**.  Petitioner's request for a certificate of appealability is **DENIED.**

**IT IS SO ORDERED**.

Date: August 17, 2016                                             _____s/James L. Graham___
                                                                 JAMES L. GRAHAM
                                                                 United States District Judge

9